UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARCIA ARMFIELD,

       Plaintiff,

v.                                                    No. 2:16-cv-00835 LAM/GJF

SHIMADZU SCIENTIFIC
INSTRUMENTS, INC., et al,

       Defendants.

**PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURY**

1. Plaintiff is a resident Pacific, Missouri.

2. Defendant Shimadzu Medical Systems USA (hereinafter called "Shimadzu Medical") is a foreign corporation and may be served by serving its place of business 20101 South Vermont Ave., Torrance, California 90500.

3. Defendant Shimadzu America Inc. is a foreign corporation and may be served at its place of business 20101 South Vermont Ave., Torrance, California 90500.

4. Defendant General Electric Company is a foreign corporation and has appeared and answered herein.

NEGLIGENCE COUNT

5. Plaintiff would show that, on or about July 2, 2013, in Dona Ana County, New Mexico, Marcia Armfield sustained serious and permanent injuries to her right lower extremity (specifically her right foot) when a Mobile Star 2 mobile x-ray machine manufactured by Defendants Shimadzu America Inc. and Shimadzu Medical and maintained and repaired by Defendants General Electric Corporation and its subsidiary (General Electric Healthcare), malfunctioned causing the x-ray machine

to crush her right foot.

6. The accident in question and resulting injuries to Marcia Armfield was caused by the negligence of one or more agents, servants or employees of Defendant Shimadzu Corporation in one or more of the following respects:

   a. in negligently designing the propulsion system of the mobile x-ray machine;

   b. in failing to warn and instruct as a reasonable, prudent manufacturer would have;

   c. in negligently manufacturing the system and its component parts;

   d. in failing to inspect as a reasonable, prudent manufacturer would inspect;

   e. in failing to market the system as a reasonable, prudent manufacturer should have.

That one or more of the above negligent acts or omissions was a cause of the accident in question.

7. The accident in question and resulting injuries to Marcia Armfield was caused by the negligence of one or more agents, servants or employees of Defendant General Electric Corporation in one or more of the following respects:

   a. in failing to properly service the mobile x-ray machine;

   b. in failing to provide proper warning;

   c. in failing to inspect as a reasonable, prudent service dealer would have performed;

   d. in failing to provide proper maintenance and calibration to the Mobile Star 2 x-ray machine.

That one or more of the above negligent acts or omissions was a cause of the accident in

question.

      8.      That one or more accident in question resulted in the injuries to Marcia Armfield was caused by the negligence by one or more of the agents or servants of Defendant Shimadzu Medical in one or more of the following respects:

      a.      in negligently designing the propulsion system of the mobile x-ray machine;

      b.      in failing to warn and instruct as a reasonable, prudent manufacturer would have;

      c.      in negligently manufacturing the system and its component parts;

      d.      in failing to inspect as a reasonable, prudent manufacturer would inspect;

      e.      in failing to market the system as a reasonable, prudent manufacturer should have.

That one or more of the above negligent acts or omissions was a cause of the accident in question.

      9.      As a result of the accident, Plaintiff, Marcia Armfield, sustained severe, permanent, and disabling personal injuries; she has suffered and will continue to suffer great pain and anguish of body and mind; she has been and will be prevented from her occupation, affairs and duties, including, but not limited to, household duties and Plaintiff has and will sustain a loss of her earnings as well as a loss of her earning capacity; she has incurred and will incur expenses for reasonable and necessary medical care, treatment and services; she has and will incur other expenses as a result of this accident which was proximately caused by the negligence of Defendants; Plaintiff Marcia Armfield has suffered physical impairment in the past and such physical impairment is, in all reasonable probability, permanent. Plaintiff is entitled to recover from Defendants compensatory

damages in such amounts as may be determined by the fact finders in this case to be just, reasonable and fair.

WHEREFORE, Plaintiff demands judgment and the following relief from Defendants:

a. the amount of compensatory damages resulting from Defendants' negligence as determined by the triers of fact.;

b. pre-judgment and post-judgment interest; and

c. such other relief as the Court may deem appropriate.

## STRICT LIABILITY CLAIM

10. Plaintiff incorporates Paragraphs 1 through 11 by reference to the same extent as if set out as full at this point number 12. The accident in question was caused by the Mobile Star 2 mobile x-ray machine manufactured by Defendant Shimadzu Corporation and Defendant Shimadzu Medical, which mobile x-ray system was defective and unreasonably dangerous in one or more of the following respects:

a. it was defectively designed in that it was unreasonably dangerous as designed, taking into consideration the utility of the product and the risks involved in its use;

b. it was defectively manufactured;

c. it failed to contain adequate warnings of dangers or risk of harm and/or failed to provide adequate instructions for safe use.

11. At all times relevant hereto, Defendant Shimadzu Corporation and Defendant Shimadzu Medical were engaged in the business of manufacturing and/or selling such a product and expected the product to and said product did reach the user or consumer without substantial change in the condition in which the product was sold, therefore, Defendant Shimadzu Corporation and Defendant Shimadzu Medical are strictly liable to Plaintiff for the damages sued for herein.

12. As a result of the accident, Plaintiff, Marcia Armfield, sustained severe, permanent, and disabling personal injuries; she has suffered and will continue to suffer great pain and anguish of body and mind; she has been and will be prevented from her occupation, affairs and duties, including, but not limited to, household duties and Plaintiff has and will sustain a loss of her earnings as well as a loss of her earning capacity; she has incurred and will incur expenses for reasonable and necessary medical care, treatment and services; she has and will incur other expenses as a result of this accident which was proximately caused by the negligence of Defendants; Plaintiff Marcia Armfield has suffered physical impairment in the past and such physical impairment is, in all reasonable probability, permanent.  Plaintiff is entitled to recover from Defendants compensatory damages in such amounts as may be determined by the fact finders in this case to be just, reasonable and fair.

WHEREFORE, Plaintiff demands judgment and the following relief from Defendants:

a. the amount of Plaintiff's compensatory damages resulting from the accident in question for which Defendants are strictly liable in such sums determined by the triers of fact.;

b. pre-judgment and post-judgment interest; and

c. such other relief as the Court may deem appropriate.

Respectfully submitted,

TRENCHARD & HOSKINS
306 N. Lea
Roswell, New Mexico 88201
575-622-7774
575-622-4705 Fax


By:   /S/   Royce E. Hoskins
      Royce E. Hoskins
      ATTORNEY FOR PLAINTIFF

Case 2:16-cv-00835-PJK-GJF   Document 18-1   Filed 10/04/16   Page 6 of 6